UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH THORNTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 2:14-cv-00498-JHH-SGC |
| LEON FORNISS, Warden, et al., | ) ) ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on November 18, 2014, recommending the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Kenneth Thornton be dismissed for the petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A) or, in the alternative, denied as barred by the statute of limitations set out in § 2244(d). (Doc. 6). In accordance with Rule 11 of the *Rules Governing 2254 Proceedings*, the magistrate judge also recommended a certificate of appealability be denied. (*Id.*). On or about December 4, 2014, the petitioner filed objections to the report and recommendation. (Doc. 7).

The petitioner's objections consist largely of restatements of arguments he has already presented, including: (1) his petition is not second or successive because his claims have never been addressed on the merits, (2) DNA evidence establishes his

1

actual innocence for purposes of tolling the statute of limitations, and (3) his failure to stop a crime he witnessed is not grounds for his conviction of a crime.  These arguments were considered and rejected by the magistrate judge, and the petitioner's restatement of these arguments does not alter the recommendation made by the magistrate judge.  Accordingly, these objections are **OVERRULED**.

The only new arguments the petitioner's objections could be construed as interposing are that he is entitled to equitable tolling because he received "incomplete advice from state-provided legal assistant," "lack[ed] [] clarity that AEDPA's limitations period applied to his claim," and/or experienced a "temporary delay in accessing files for research due to actions of another inmate and limitations on his access to a legal library." (Doc. 7 at 4).  The petitioner appears to further argue he is entitled to equitable tolling because he is a *pro se* litigant not held to the same standard as counsel.  (*Id.* at 5).

These arguments do not include any facts entitling the petitioner to equitable tolling.  See *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a § 2255 motion are insufficient to state basis for relief); *Tejada v. Duggar*, 941 F.2d 1551, 1559 (11th Cir. 1991) (habeas petitioner is not entitled to evidentiary hearing when claims are "merely conclusory allegations unsupported by specifics" (internal quotation marks omitted)); *Paulcin v.*

2

*McDonough*, 259 Fed. App'x 211, 213 (11th Cir. 2007) (habeas petitioner not entitled to equitable tolling where he "asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"). Furthermore, a petitioner's general ignorance of the law does not entitle him to equitable tolling. *See Perez v. Florida*, 519 Fed. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion. . . As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'"). Finally, a habeas petitioner's *pro se* status does not constitute an extraordinary circumstance that could have prevented him from timely filing his federal habeas petition. *Rich v. Dep't of Corr. State of Florida*, 317 Fed. App'x 881, 883 (11th Cir. 2008). Accordingly, these objections are **OVERRULED**.

Having carefully reviewed and considered *de novo* all the material in the court file, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and her recommendation is **ACCEPTED**. Accordingly, the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE** for the petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). In the alternative, the petition would be due to be denied as barred by the statute of

3

limitations set out in § 2244(d).

Additionally, for the reasons set forth in the report and recommendation and pursuant to Rule 11 fo the *Rules Governing 2254 Proceedings*, a certificate of appealability is **DENIED**.  A Final Judgment will be entered.

**DONE** this the 22nd day of January, 2015.

_____
SENIOR UNITED STATES DISTRICT JUDGE